CASE 93—ORDINARY—SEPTEMBER 20, 1881.

# The Auditor v. Major.

### APPEAL FROM FRANKLIN. CIRCUIT COURT.

1. The resolution of the general assembly, adopted in 1840, does not authorize the Public Printer to publish any report, unless he be specially directed to do so by·the legislature.
2. The act of March 10, 1870, and the resolution of March 12, 1878, expressly provide that the printing for the Insurance Bureau shall be paid for out of the fees and allowances received by the Commissioner under the law creating the Bureau.
3. The object of the act establishing the Insurance Bureau is that it should be self-sustaining.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLANT.

The meaning of the resolution of 1840 is, that the Public Printer should furnish, in a separate volume, such reports made to both houses of

the general assembly as he had originally published. It is not true that the Public Printer printed one thousand copies of the report authorized by the act of March 10, 1870, to establish an Insurance Bureau. It is intended that the Bureau shall sustain itself. (Act March 12, 1878.)

A. DUVALL for appellee.

The Insurance Commissioner is a subordinate of the Auditor, and reports to him. The Auditor reports to the general assembly. The result is that the Public Printer was bound by the statute to print and publish the report. (Sec. 14 of the act to establish an Insurance Bureau, Sess. Acts, 1869–'70, page 80; Sess. Acts, 1839–'40, page 278.)

JUDGE HARGIS delivered the opinion of the court.

The appellee, Major, brought this action for a mandamus to compel the Auditor of Public Accounts to issue his warrant upon the State Treasurer for the sum of $1,527.14, in payment of a demand against the state for public printing.

The facts alleged in the petition are, in substance, that the legislature, by a resolution passed in February, 1840, provided that the Public Printer shall publish *all reports* made to both houses of the same matter in a separate volume; that "An act to establish an Insurance Bureau," approved March 10, 1870, makes it the duty of the Insurance Commissioner to make annually *a report* to the Auditor of the condition of the insurance companies doing business in this state, with suggestions, &c., and that one thousand copies of *such reports* shall be published by the state, subject *to the order of the Auditor,* and at the expense of the Insurance Bureau, and the Auditor shall place *the same* before the legislature, with an account of the receipts and expenditures of the Insurance Bureau; that the Insurance Commissioner made his *report* to the Auditor as provided in the act of March 10th, 1870, and the Auditor placed *the same* before the legislature; that it became the duty of the Public

The Auditor v. Major.

Printer to publish *said report* so placed before the legislature,, and he did publish 624 copies thereof, for which the com-monwealth of Kentucky is indebted to him in the sum of $1,527.14, and that he had demanded of the Auditor a warrant therefor, but he refused to issue it.

It was agreed that 1,000 copies of the report of the Com-missioner to the Auditor had been published by the state,, subject to the order of the Auditor, and at the expense of the Insurance Bureau.

The Auditor demurred to the petition; it was overruled,, to which he excepted, and failing to plead further, a judg-ment was rendered awarding the mandamus.

The vital question on this appeal is, was it the duty of the Public Printer, without the order of the Auditor, to re-pub-lish the *report* of the Commissioner to the latter, who placed the same before the legislature, after having 1,000 copies of it published.

The resolution of 1840 provided, that the "Public Printer shall thereafter, in executing the public printing, publish all reports made to both houses of the same matter in a sepa-rate volume, and dispense with the appendix to each of the volumes of Journals as now published, and that one copy be sent to each individual entitled to copies of the Journals."

The proper construction of this resolution does not au-thorize the inference that the Public Printer shall publish all reports of the same matter made to both houses.

It simply meant that in executing the public printing which he might be ordered to do, he should publish *all reports in a separate volume*, and that one copy should be sent to each individual entitled to copies of the Journals,, whose appendixes were thereafter to be dispensed with,.

provided such reports were of the same matter and made to both houses

It had reference alone to the *form* in which that class of reports should be published, and required that they should be published in separate volumes.

The proceedings of nearly every session of the legislature since 1840 contain resolutions or acts regulating the number and character of reports and public documents published, which shows that the legislature has not and does not construe the resolution of 1840 as providing for the publication of *all reports* to both or either house.

Appellee's construction of that resolution would require the publication of 640 copies of each report made to both houses, without making any distinction between important and unimportant reports.

We do not think this unreasonable result should follow the construction of the resolution of 1840, and we are of the opinion that it does not authorize the Public Printer to publish any report, unless he be specially directed to do so by the legislature.

And as to the printing for the Insurance Bureau, the act of March 10th, 1870, and the resolution of March 12th, 1878, expressly provide that it shall be paid for out of the fees and allowances received by the Commissioner under the law creating the Bureau.

The purpose of the legislature seems to have been to make the Bureau self-sustaining, and either a legally authorized order of the Auditor, or the act creating it, or some amendment thereto, or law passed since its creation, must be shown authorizing the Public Printer to make publications relative thereto, before he can lawfully assert a claim therefor against the state.

The act of March 20th, 1876, re-enacted the law requiring the election of a Public Printer, and so much of chapter 90 of the General Statutes as was deemed applicable to his office and duties.

By section 13, which was restored, it is provided that—

"If *any* report, bill, or document is ordered to be printed, and no number of copies is designated, there shall be but two hundred printed at public expense."

This section reserved to the legislature the power of ordering what reports should be published, and provided also, if by oversight or otherwise, it should fail to fix the number, that only two hundred should be printed.

And it repeals, by necessary implication, the resolution of February, 1840, whatever may be its correct construction.

Taken in connection with the aforementioned acts of the legislature, we do not doubt this is the legal effect of said section.

Wherefore, the judgment is reversed, and cause remanded, with directions to sustain the demurrer, and for further proper proceedings.